IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                             Civil Action No. 5:10CR5-03
                                          (STAMP)
NATALIE STEGNER,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING THE DEFENDANT'S MOTION TO REDUCE SENTENCE**

I. Background

The pro se[1] defendant, Natalie Stegner, an inmate housed at the Danbury Correctional Institution ("DCI") in Danbury, Connecticut, filed a motion for reduction of sentence in this Court requesting that she receive a six month reduction of her sentence. The motion was originally filed as a new civil claim, but was dismissed after the defendant informed the Court that she was not seeking to open a new civil case. The defendant then filed another letter motion with this Court.

In the underlying criminal action, the defendant entered into a plea agreement whereby she would plead guilty to one count of conspiracy to possess with intent to distribute and to distribute

---

[1] Pro se - "One who represents oneself in a court proceeding without the assistance of a lawyer." Black's Law Dictionary 1341 (10th ed. 2010). The defendant was represented by counsel in the proceedings that led to the underlying conviction.

heroin in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).  The defendant was thereafter sentenced to 57 months of imprisonment.

According to the defendant,[2] she was initially incarcerated at DCI until she successfully completed the Residential Drug Abuse Program.  After completion of the program, the defendant was released to Bannum Place Halfway House ("Bannum") in Wheeling, West Virginia.  At Bannum, the defendant received three disciplinary infractions:  violating a condition of a community program, being in an unauthorized area, and lying or falsifying a statement.  Subsequently, the defendant was returned to federal custody and returned to the custody of DCI.

The defendant filed the underlying motion because, as she contends, she was never provided any documentation of her infractions.  Accordingly, she asserts that she was unable to pursue any administrative remedies.  She avers that if she had been given the opportunity to do so, she would not have been returned to DCI.

After receipt of the defendant's motion, this Court ordered the government to file a response.  In its response, the government argues that it must give deference to the proceedings conducted by the Bureau of Prisons ("BOP") and its findings.  The government further indicates that it would be improper for it to intercede in

---

[2]The Court must base its analysis on the facts provided by the defendant for this motion.

the matter at hand.  The government does state, however, that it has no objection to the defendant seeking redress if she was able to successfully seek administrative reversal of her disciplinary actions.

This Court construes the defendant's letter as a motion under Federal Rule of Criminal Procedure 35.  Although this Court is glad to hear that the defendant has made significant progress in her substance abuse and other programs, this Court has no power to reduce the defendant's sentence.

## II.  Applicable Law

Rule 35(a) of the Federal Rules of Criminal Procedure provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Moreover, the Advisory Committee Notes on the 1991 Amendments to Rule 35 provide:

> The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court to change its mind about the appropriateness of sentence.  Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regards to the application of the sentencing guidelines.

Finally, Rule 35(b) requires a motion by the government.

## III.  Discussion

In this case, Rule 35 is not applicable and thus the defendant's motion must be denied.  The Court is mindful of the progress the defendant has reported and that she has indicated that

3

she has a good record other than the infractions listed from Bannum. This Court, however, cannot order a reduction in sentence without a motion by the government. There is no motion provided in this case. Further, as the government noted, this Court must defer to the BOP on its interpretations of the rules that were applied to the defendant. See generally, Reno v. Koray, 515 U.S. 50 (1995); Yi v. Fed. Bureau of Prisons, 412 F.3d 526 (4th Cir. 2005). Currently there is no evidence that leads this Court to believe that deference to the BOP should not be given or that it is incorrectly applying any rules. The defendant candidly states that she has not sought administrative remedies[3] and thus, this Court has no evidence to support an argument that the BOP has incorrectly disciplined the defendant. Accordingly, the defendant's motion is denied.

## IV. Conclusion

Based on the preceding analysis, this Court finds that the defendant's motion for a reduction of sentence should be DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the pro se defendant by certified mail and to counsel of record herein.

---

[3]Although the defendant argues that she was unable to pursue administrative remedies because she did not receive the documentation pertaining to her infractions, she has received such documentation as evidenced by this motion. Thus, it is likely that she could begin to seek administrative remedies if such action is appropriate.

4

DATED:      November 21, 2013

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE